# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:26-cv-00078-MR

| | | |
|---|---|---|
| JAMES ALEXANDER RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| | ) | |
| BREVARD POLICE DEPARTMENT, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I.   BACKGROUND

Pro se Plaintiff James Alexander Ray, ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On March 13, 2026, he filed this action pursuant to 42 U.S.C. § 1983 against Defendants Brevard Police Department, Transylvania County Jail, District Attorney Elizabeth Dierauf, and the "People of North Carolina." [Doc. 1]. Plaintiff purports to sue Defendants Dierauf and the People of North Carolina in their individual and

official capacities.  [Id. at 3].

Plaintiff alleges, in pertinent part, as follows.  Plaintiff was arrested by the Brevard Police Department on July 20, 2017, without probable cause. [Id. at 12].  On August 14, 2017, "the people of North Carolina grand jury" indicted the Plaintiff on charges of robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon without allowing Plaintiff to testify against witnesses Detective Godman and Aaron Thompson of the Brevard Police Department.  [Id. at 12, 15].  Thereafter, "they" denied him a probable cause hearing on a first-degree murder charge and the robbery charges. [Id.].  The Transylvania County Jail unlawfully detained the Plaintiff for two years.  [Id.].  Defendant Bierauf committed prosecutorial misconduct by allowing the denial of Plaintiff's right to testify at the grand jury proceeding.  [Id. at 13].

Plaintiff claims the violation of numerous rights under the U.S. Constitution, the "North Carolina Constitution penal codes," and various other provisions.  [Id. at 3].  Plaintiff alleges numerous injuries related to his alleged unlawful arrest and false imprisonment, as well as "[d]efamation of character, threat, coercion, harassment, [and] emotional mental distress." [Id. at 5].  Among other things, Plaintiff wants his conviction vacated, to be released from custody, and monetary relief.  [Id.].  Plaintiff also asks for

appointment of counsel.  [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).  Plaintiff's Complaint fails initial review for several reasons.

Neither a jail nor a police department is a "person" subject to suit under § 1983.  See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989); Wilkerson v. Chapel Hill Police Dept., No. 1:09CV60, 2009 WL 1505614, at *1 (M.D.N.C. May 27, 2009).  Plaintiff, therefore, has failed to state a claim against these Defendants and the Court will dismiss them.

Moreover, prosecutors are immune from suit under the doctrine of prosecutorial immunity, and "the People of North Carolina," especially as members of a grand jury, are not subject to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 419, 423, n.20 (1976).  Furthermore, there is no right, constitutional or otherwise, for the subject of a grand jury proceeding to testify or confront witnesses.  See State v. Jones, 354 S.E.2d 251, 258 (N.C. Ct. App. 1987) ("[A] defendant is not allowed to cross-examine

4

witnesses before a grand jury."). As such, Plaintiff has failed to state a claim against Defendant Dierauf or the People of North Carolina. The Court will dismiss these Defendants.

Next, it appears here that Plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given the nature

of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of any conviction or sentence in the underlying criminal matter. Plaintiff, however, has not alleged that a conviction has been reversed or otherwise invalidated. Therefore, his Complaint appears to be barred by Heck.

Even if Plaintiff's claims are not barred by Heck, it appears that they may be barred by the applicable statute of limitations in any event. See N.C. Gen. Stat. § 1-52(16); Nat'l Adv. Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

Finally, to the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice.

## IV. APPOINTMENT OF COUNSEL

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055

(4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

In this case, however, the Plaintiff has not yet even demonstrated that this claim will pass initial review, much less that it has potential merit. Until that has been shown, the Court cannot assess the complexity of the claim or what skill may be required to prosecute the same. Therefore, at this stage, the Plaintiff has failed to meet any of the requirements for establishing exceptional circumstances necessitating the appointment of counsel.

## V.  CONCLUSION

In sum, Plaintiff's claims will be dismissed on initial review for Plaintiff's failure to state a claim for relief. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that Heck does not apply, that his Complaint is not barred by the applicable limitations period(s), and to otherwise properly state a claim for relief. Should Plaintiff fail to timely amend his Complaint in accordance with the terms of this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint will be **DISMISSED** on initial review for Plaintiff's failure to state a claim for relief and that Plaintiff's request for counsel therein is **DENIED**.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**. Signed: March 18, 2026

Martin Reidinger
Chief United States District Judge